EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HÉCTOR LUIS GUZMÁN SANTOS, acusado y apelante.

*Número:* CR–62–75    *Resuelto:* 18 de diciembre de 1962

*José R. Freyre Montero,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Juan A. Faría, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto de falsificación. Se le imputó que falsificó la firma de Erasmo Brañas Nieves en unos cheques expedidos contra el Chase Manhattan Bank, Sucursal de Río Piedras. Dos eran los cheques y los dos fueron expedidos a favor de un tal Carmelo Vélez. El acusado se personó un día a cambiar el primer cheque al banco. Le pidieron identificarse y mostró la tarjeta del servicio selectivo de Carmelo Vélez. Le hicieron efectivo el cheque que era por la cantidad de $450.00. Pasado un día volvió

con otro cheque expedido a favor del mismo Carmelo Vélez, esta vez por $665.00. En el banco ya se habían percatado de la falsificación de la firma y al presentarse con el segundo cheque, cuando le informaron al acusado que había surgido un problema con la firma, por lo que debían llamar al librador Erasmo Brañas, salió corriendo. El guardia privado del banco lo persiguió y lo detuvo. Dieron cuenta a la policía. El acusado fue llevado al cuartel donde empezó la investigación. Luego lo llevaron ante un fiscal. ■

Uno de los testigos de cargo, empleado del banco, declaró que el acusado admitió durante la primera etapa de la investigación en el cuartel, que la firma de Erasmo Brañas que aparecía en el cheque era falsificada, que había sustraído los cheques en blanco y que él los había llenado. La defensa impugnó esa confesión. Sostenía que no había confesado tal cosa. El fiscal presentó prueba en cuanto a la voluntariedad de la confesión que fue oída primeramente en ausencia del jurado. Luego fue repetida ante el jurado y éste resolvió el conflicto. El testigo que declaró sobre la confesión del acusado y la firma y ocasión en que la hizo, afirmó que la policía no usó de métodos violentos ni coaccionó al apelante al preguntarle sobre lo acontecido. Éste también admite que no fue maltratado pero alega, y el testigo de cargo lo ratifica, que durante la investigación fue ordenado que se desvistiera para registrar su ropa. Lo hizo quedándose en ropa interior. Este hecho no vicia como cuestión de derecho la voluntariedad de la confesión. La declaración del propio acusado en el incidente de voluntariedad de la confesión demuestra que este incidente no tuvo efecto alguno en su actitud. Su posición, como dijimos antes, fue al efecto de que "yo no hice ninguna confesión allí".

El acusado no presentó prueba en su defensa. El jurado lo declaró culpable. En apelación apunta tres errores: 1. no haber dado instrucciones al jurado al efecto de que

es el fiscal quien tiene que probar y establecer la voluntariedad de la confesión; 2. no haber dado instrucciones sobre los factores de coacción en relación con la voluntariedad y 3. haber instruído al jurado en el sentido de que el acusado se fugó, "cuando era el jurado quien debió haber interpretado si el hecho de que el acusado se fuera de allí constituía fuga".

■ Una lectura de las instrucciones demuestra que no incurrió en ninguno de los tres errores que el apelante apunta.

En cuanto al primer error aparte del hecho de que la contención del acusado no fue que la confesión fuera involuntaria sino que no había hecho confesión alguna, el fiscal presentó prueba de la voluntariedad y el juez instruyó al jurado en el sentido de que "[p]ara que el jurado pueda considerar una confesión introducida en evidencia por parte del ministerio público es preciso que el jurado quede convencido más allá de duda razonable, que ésa es una confesión voluntaria. A los fines de determinar si es una confesión voluntaria, el jurado debe considerar todas las circunstancias de la evidencia presentada en la corte, ante el tribunal a esos efectos". ■

Refiriéndose al segundo error, el apelante sostiene que "[a]l jurado debe dársele pauta sobre lo que puede constituir índice de coacción". El juez instruyó así: "Una confesión no debe ser obtenida por medio de coacción física, por medio de procedimientos violentos, por medio de coacciones morales y emocionales a que pueda ser sometida una persona. Si en este caso en particular, la confesión fue objeto, o fue obtenida, si el jurado llega a la conclusión de que la confesión fue obtenida por medio de coacción física, o sea que el acusado fue golpeado o maltratado físicamente, o por medio de amenazas, o por medio de coacciones morales, el jurado entonces no debe tomar en consideración la confesión y rechazarla en su totalidad. Hay coacciones morales cuando

la persona ha sido o ha estado sujeta a influencias de tal naturaleza que se quiebra la resistencia mental de la persona para resistir". ■

Considerando el tercer error apuntado, precisamente el juez le informó al jurado que ellos eran los que tenían que determinar si el acusado trató de fugarse. Ésta es la instrucción sobre el particular: "En este caso en particular se ha presentado prueba por el fiscal de fuga posterior del acusado. El mero hecho de que una persona se fugue por sí solo no es suficiente para poder encontrar a una persona culpable del delito que se le imputa, pero si una persona se fuga o no, *y si el jurado encuentra como cuestión de hecho que el acusado se fugó, o trató de fugarse, en ese caso es una situación que el jurado podrá considerar* a los fines de ayudarse en tanto cuanto ello puede ser ilustrativo de la existencia de una conciencia culpable por parte del acusado". (Énfasis suplido.)

*Se confirmará la sentencia apelada.*